ERNEST MYERS ET AL.

V.

TRUSTEES OF SCHOOLS.

*Trusts— Jurisdiction of Equity to Take Charge of, when Necessary to Effect Objects—Wills—Bequest to School District.*

1. A court of equity will not exercise its power to take charge of a trust and administer it when it appears that it is being properly administered.

2.  In the case presented, it is *held:* That the proceeds of a bequest to a certain school district " to be added to the principal of the school fund " thereof, are properly in the hands of the township trustees, and that the fact that the voters of said district do not constitute a majority of the voters of the township is not a sufficient ground for the appointment of special trustees.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Calhoun County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. BROWN & KIRBY and HAMILTON & SLATEN, for appellants.

It is the province and duty of a court of equity to appoint a trustee, or trustees, to take charge of and administer trusts given for charitable purposes under the direction and supervision of the court, in cases where the donor does not, by the terms of his will, appoint such trustee.  Henser v. Harris, 42 Ill. 425; Andrews v. Andrews, 110 Ill. 223; Jackson v. Phillips, 14 Gray, 539; Vidal v. Girard's Executors, 2 How. 127; Oulds v. Washington Hospital, 95 U. S. 303; 2 Story, Eq. Jur., Secs. 1165–1170; 2 Perry on Trusts, Secs. 722–724.

The statute does not say that all gifts, grants, etc., shall go into the hands of the trustees, but only that they may receive them.  The word " may " does not mean must or shall in connection with this fund.  Fowler v. Pirkins, 77 Ill. 271.

Mr. T. J. SELBY, for appellee.

WALL, J.  This was a bill in chancery, filed by the appellants against the appellees, from which it appeared that Benjamin Keck, a resident of Calhoun County, died testate, December 16, 1871.  The important provision of his will was the following :

"I give and bequeath all my personal estate, goods and chattels, of what nature or kind soever, to the citizens of School District No. (2) two, Township No. (13) thirteen, south, range (1) one, west of the fourth principal meridian in Cal-

houn County and State of Illinois, to be added to the principal of the school fund of said subdistrict No. (2) two, to be used exclusively as principal, so that it may be a perpetual fund for the use and benefit of the children of said district forever: *Provided*, that the interest accruing from said fund shall be used as other interest, for defraying the current expenses of the school or schools of said subdistrict."

The bill alleges that there are but two school districts in this township, and that a large majority of the legal voters of said township reside in District One, and the majority of the trustees of schools of said township are now, and have been for many years last past, residents of said District One, and that said majority of said Board have the appointment of the Treasurer of Schools of said township, and that the appellants, and the other citizens of District No. 2, who are *beneficiaries* and *cestuis que trust* of said trust fund, are excluded from the management and control of said fund; that the fund is placed under the control and direction entirely of those who have no interest whatever therein; that it now amounts to about $12,000, and is in the hands of the Township Treasurer, appointed by said Board of Trustees, and that a feeling of very great anxiety for the preservation of this fund, and for its application to the purposes for which it was intended by the donor. The complainants, for *themselves and as representing the other citizens of District No. 2*, ask the court to appoint, as trustees of said fund, three of the citizens of said District No. 2, and that said trustees appoint a treasurer, requiring him to give bond in double the amount of said fund, and that said trustees manage, control and disburse said trust fund, under the supervision and direction of the Chancellor of said Circuit Court.

To this bill the appellees filed a general demurrer, alleging there was no equity on the face of the bill, and the court below sustained this demurrer and dismissed the bill.

Appellants assign for error the ruling of the court in sustaining the demurrer and dismissing their bill.

It is urged by appellants that upon the facts set up in the bill a court of equity will take charge of the fund, appoint a

suitable trustee to administer it, and supervise the conduct of the trust. There is no difficulty in ascertaining who are the beneficiaries of the trust, nor in what way the fund is to be applied. The sole difficulty, if any there be, is in determining by whom it shall be executed. It will be noticed that it is given to the citizens of said school district, "to be added to the principal of the school fund" of the district, to be used as principal, so that it may be a perpetual fund for the use and benefit of the children of the district forever, and that the interest accruing from said fund shall be used as other interest for defraying the current expenses of the school or schools of said district. It is clear that when the testator says he wishes the money "added to the principal of the school fund," and the interest to be "used as other interest for defraying the current expenses of the schools" of the district, he had in mind the fact that there was then by law a fund of greater or less amount known as the "school fund" of the district in question, to which he wished to add this, and that he had in mind that there was in operation, with a charter for perpetual existence, a legal system through and by which the trust he was creating could be adequately administered. He is presumed to have known that by the express provision of the school law the Board of Township Trustees have power to receive a gift or devise for the use of any school or schools, or library, or other school purposes within their jurisdiction (Sec. 39); that by the same law (Sec. 40) it is the duty of the Township Board to cause all moneys for the use of the township and districts to be paid over to the Township Treasurer, who is declared to be the only lawful depositary and custodian of township and district funds, and that the treasurer is required to furnish bond in double the amount of the funds in his hands, and may be required to increase his bond from time to time, according to the increase of the notes, bonds, and effects in his custody. Secs. 55-57. It was his intention that the interest of the money should be used to defray the current expenses of schools in the district, and to that extent lessen the amount of taxation necessary for the purpose, and he must have known that his object could best be accomplished by giving the fund into the charge of those officials who were by law authorized to

administer that part of the common school system, thus avoiding the conflict that might occur if it were placed in separate hands.

It would seem to be safer that the fund should be so disposed of than that it should be given over to the control of special trustees selected by the court. The risk of loss is in our judgment much less. It is not averred that there has been any maladministration or perversion, and the whole ground of complaint lies in the fact that because a large majority of the voters of the township are in District One, a majority of the trustees are chosen from that district.

The treasurer is appointed by the trustees, but for aught appearing he may reside in District Two. If the reason assigned were deemed sufficient for taking jurisdiction by a court of chancery, would it not be competent to show that by a subsequent increase of population in District Two it now contains a majority of voters of the township, and thus induce the court to relinquish its jurisdiction?

Will jurisdiction therefore depend upon the merely accidental circumstance of the relative voting strength of the two districts, and will the court be expected to assume and surrender the subject from time to time as the majority may shift from one side to the other, regardless of whether the object of the trust is being carried out according to the intention of the donor?

It is to be supposed that he foresaw such changes would occur, and that there was no reason to think a majority of the trustees would always reside in the district of his bounty. Yet he probably saw nothing in this to excite apprehension that his wishes would not be enforced; nor do we see, from anything suggested by the bill, that there is such danger.

Recognizing fully the power and duty of chancery to take charge of a trust and administer it whenever necessary to effectuate the object in view, and the readiness with which the action will be taken in a proper case, we are unable to say that this bill presents a case calling for such relief.

The decree of the Circuit Court, sustaining the demurrer and dismissing the bill, will be affirmed.

*Affirmed.*